# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No. 06-00157 |
| | Chapter 7 |
| KYUNG SUK KIM, | |
| | |
| Debtor. | Re: Docket No. 157 |

## MEMORANDUM OF DECISION ON
## MOTION TO APPROVE AND ENFORCE SETTLEMENT

For the following reasons, the court will enter a separate order authorizing

and directing the Trustee to execute a release in the form attached hereto as Exhibit

"A" and denying all other requested relief.

Section 1.10 of the court approved settlement agreement (docket no. 164)

provides, in relevant part, that the claims released under the agreement:

> do[] not include any claims Sumida has or may have against Ronald
> K. Kotoshirodo in his individual capacity for acts and/or omissions
> while serving as interim trustee for the Estate of Mrs. Kim, and
> Sumida expressly reserves his rights with respect to any such claims,
> including any claim for contribution and/or indemnity, against
> Kotoshirodo in said individual capacity. The parties agree to execute
> such documents and seek such court approval as may be required to
> preserve the said claims Sumida may have against Kotoshirodo,
> individually, and Steven Guttman, Esq. Ronald K. Kotoshirodo, in
> his individual capacity, is not a party to this agreement, thus all rights
> are reserved.

Mr. Sumida argues that, in order to carry out his duties under this provision,

06-157 KIM memo decision supp settlement.wpd

the Trustee must sign a release document which Mr. Sumida has drafted (exhibit "A" to docket no. 157). The Trustee correctly points out, however, that Mr. Sumida's draft goes significantly beyond the requirements of the settlement agreement.

Rather than direct either of the parties to revise the release, which would certainly subject the parties to additional expense and disputation, I have drafted the attached release. At the hearing, the Trustee's counsel stated that he would sign this form of release.

The attached release is intended to preserve claims for contribution or indemnity. Mr. Sumida has provided authority that a joint tortfeasor has contribution or indemnification rights against other joint tortfeasors only if the first joint tortfeasor has completely satisfied the joint obligation. Mr. Sumida then argues that, in order to discharge the joint obligation and therefore to preserve his contribution claims, the victim of the alleged torts – the bankruptcy estate, acting through the trustee – must release whatever claims it has against Mr. Kotoshirodo and Mr. Guttman.

Mr. Sumida argues that the attached release is too narrow, in that he may have other claims which he can only assert if the estate's claims against Mr. Kotoshirodo or Mr. Guttman are released. The settlement agreement requires the

2

Trustee to execute only those documents that are "required" to preserve Mr. Sumida's claims. Mr. Sumida has not provided enough information about his "other" claims to establish that a broader release is "required."

Execution of the attached release might not, however, exhaust the parties' obligations under the settlement agreement. For example, if Mr. Sumida establishes in the future that additional documents are "required" to preserve his reserved claims, the Trustee may be obligated to sign them.

The Trustee argued that he would breach his fiduciary duty to execute a release of claims against himself individually. But the court's order authorizing and directing him to sign the release immunizes the Trustee from claims that his signature is a breach of his duty. Further, one may not defend oneself against a claim of breach of contract by establishing that performance of the contract would breach one's duty to a third party.

The Trustee argues that, under Hawaii law, Mr. Sumida has no right of contribution against Mr. Kotoshirodo. Adopting this argument would have the same effect as granting summary judgment in favor of Mr. Kotoshirodo and Mr. Guttman on the merits. Although the Trustee's arguments based on Haw. Rev. Stat. 663-12, -11, and -10.9 are compelling, this is not the appropriate context in which to decide claims on the merits.

3

No sanctions will be awarded at this time. The parties evidently will continue to litigate with each other. It will be more appropriate to determine the appropriateness and amount of any sanctions at a later stage.

/s/ Robert J. Faris
**United States Bankruptcy Judge**
Dated: **06/24/2009**

U.S. Bankruptcy Court - Hawaii   #06-00157   Dkt # 171   Filed  06/24/09   Page 4 of 5

RELEASE

As used in this Release:

      "Bankruptcy Case" means <u>In re Kyung Sook Kim</u>, Case No. 06-00157, U.S. Bankruptcy Court, D. Hawaii.

      "Estate" means the estate created by the filing of the petition in the Bankruptcy Case.

      "Trustee" means any interim or permanent trustee appointed at any time in the Bankruptcy Case, in such person's fiduciary capacity only. "Trustee" includes Ronald K. Kotoshirodo in his capacity as such trustee only.

      "Kotoshirodo" means Ronald K. Kotoshirodo, in his individual capacity only, and his personal representatives, successors, and assigns.

      "Guttman" means Steven Guttman and his personal representatives, successors, and assigns.

      "Sumida" means Kevin P.H. Sumida, Sumida & Tsuchiyama, LLC, and their respective personal representatives, successors, and assigns.

      "Settlement Agreement" means the Settlement, Release, and Indemnity Agreement, among the Trustee, Sumida, and others, which the court approved by order filed in the Bankruptcy Case on April 8, 2009.

      "Estate Claims" means any and all claims, demands, or causes of action whatsoever that the Estate had, now has, or may have in the future against Kotoshirodo or Guttman, in respect of which Sumida is a joint tortfeasor with Kotoshirodo or Guttman. "Estate Claims" includes only those claims, demands, and causes of action that must be released in order to preserve Sumida's claims (if he has any such valid claims) that Sumida is entitled to contribution or indemnification from Kotoshirodo or Guttman for the amounts paid to the Estate by Sumida under the Settlement Agreement. All of Kotoshirodo's and Guttman's rights are reserved.

The Trustee is executing this Release in performance of his obligation under the Settlement Agreement "to execute such documents and seek such court approval as may be required to preserve the said claims Sumida may have against" Kotoshirodo and Guttman, and pursuant to a separate order of the bankruptcy court authorizing and directing him to do so.

The Trustee hereby releases all Estate Claims.

                        _____
                        RONALD K. KOTOSHIRODO, as trustee and not individually

EXHIBIT "A"