UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re<br><br>KYUNG SUK KIM,<br><br>Debtor. | Case No. 06-00157<br>Chapter 7<br><br>Re: Docket No. 165 |
|---|---|

**MEMORANDUM OF DECISION ON MOTION TO REMOVE TRUSTEE AND FOR OTHER RELIEF**

This is the latest skirmish in a minor war between the trustee and an attorney who represented both the debtor and the estate as special counsel. Usually, a settlement terminates a legal dispute, just as a peace treaty usually settles a war. This case is an exception to the general rule; there has been more fighting after the parties settled than there was before.

Because (1) the parties' memoranda more than adequately cover the issues properly before the court (and some issues that are not properly before the court), and (2) the parties (and the court) have already spent too much time and effort on these issues, I will decide the motion without holding the scheduled hearing.

The request to remove the trustee will be denied for the following reasons.

1. Bankruptcy Code § 324(a) provides that the court, after notice and a hearing, may remove a trustee for cause. "What constitutes sufficient cause is not defined in the Code but rather is left for the courts to determine on a case-by-case

basis." In re Haugen Const. Serv., Inc., 104 B.R. 233, 240 (Bankr. D.N.D. 1989). Mr. Sumida claims that the trustee should be removed because he breached the settlement agreement and, in so doing, breached his fiduciary duties. If anyone has breached the settlement agreement, it is Mr. Sumida, not the trustee. Mr. Sumida dragged his feet for months before agreeing to the written version of the settlement agreement. Although the settlement agreement unambiguously provides for the dismissal of an adversary proceeding, Mr. Sumida insisted that the trustee stipulate to his assertion of entirely new claims in that adversary proceeding. The trustee did not breach the provisions of the settlement agreement dealing with the preservation of Mr. Sumida's claims against the trustee in his individual capacity; rather, he made good faith arguments about the meaning of that provision and refused to sign Mr. Sumida's draft release, which I have found did not comply with the settlement agreement.

2. In his reply memorandum, Mr. Sumida also argues that the trustee breached the settlement agreement by refusing to file a motion for this court's permission for Mr. Sumida to assert claims against Mr. Kotoshirodo individually. The trustee has moved to strike the reply memorandum on the ground that the argument was not raised in the moving papers. The trustee is entirely correct, but I prefer to dispose of the argument on the merits. The draft motion that Mr. Sumida

U.S. Bankruptcy Court - Hawaii   #06-00157   Dkt # 182   Filed 07/14/09   Page 2 of 5

prepared was apparently intended to satisfy the Barton doctrine. That doctrine holds that one cannot sue a court-appointed fiduciary in a forum other than the appointing court without the appointing court's permission. Beck v. Fort James Corp. (In re Crown Vantage, Inc.), 421 F.3d 963, 970 (9th Cir. 2005). In other words, the Barton doctrine does not limit a trustee's liability; rather, it controls only the forum in which the trustee may be sued. The settlement agreement requires the trustee to sign such documents and seek such court approvals as are required to preserve Mr. Sumida's claims against Mr. Kotoshirodo individually. The trustee is not obligated, however, to consent to Mr. Sumida's choice of forum. Again, it is Mr. Sumida, not Mr. Kotoshirodo, who has disregarded the settlement agreement.

3. A conflict of interest can constitute "cause" for removal of a trustee if, based upon the totality of the circumstances, the conflict could have a materially adverse effect on the estate. Dye v. Brown (In re AFI Holding, Inc.), 530 F.3d 832, 838 (9th Cir. 2008). Any conflict between the trustee's fiduciary duty to the estate and his personal interest has not harmed, and can not harm, the estate. The estate is fully administered, so the trustee has completed his work as trustee. The dispute between Mr. Sumida and Mr. Kotoshirodo will not cost the estate anything because both Mr. Kotoshirodo and his attorney have stated that they will not

U.S. Bankruptcy Court - Hawaii #06-00157 Dkt # 182 Filed 07/14/09 Page 3 of 5

charge the estate for their work.

4. The court should remove a trustee under section 324 only if doing so would improve, rather than detract from, the administration of the estate. In re REA Holding Corp., 2 B.R. 733, 735 (S.D.N.Y. 1980). No useful purpose would be served by removing the trustee now. The estate has been fully administered.

5. Mr. Sumida probably lacks standing to seek removal of the trustee. He has released all of his claims against the estate and therefore is not a creditor. His claims against Mr. Kotoshirodo as an individual probably do not make him a party in interest in the bankruptcy case.

Mr. Sumida's request for rescission of the settlement agreement, restitution of the settlement amount, attorneys' fees, and costs will be denied. The trustee did not breach the settlement agreement. Further, rescission and restitution are remedies which cannot be sought by motion (Fed. R. Bankr. P. 7001(1), (7)). In re Rollins, 175 B.R. 69, 73 (Bankr. E.D. Cal. 1994) .

Mr. Kotoshirodo's request for sanctions will be denied at this juncture. Mr. Sumida's motion is meritless and was probably filed for the improper purpose of attempting to extract a settlement from the trustee in his individual capacity. But the trustee did not comply with the procedural requirements of Fed. R. Bankr. P. 9011(c)(1)(A). The court also has the inherent power to impose sanctions, but it is

U.S. Bankruptcy Court - Hawaii #06-00157 Dkt # 182 Filed 07/14/09 Page 4 of 5

evident that the dispute between the parties is not over. It will be more appropriate to consider inherent power sanctions at a later stage.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF HAWAII

***/s/ Robert J. Faris***
**United States Bankruptcy Judge**
Dated: **07/14/2009**